UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA GRIMES, as the next best friend and Personal Representative of the Estate of Karl Grimes,<br><br>    Plaintiff,<br>  v.<br><br>DISTRICT OF COLUMBIA, and PRINCE GEORGE'S HOSPITAL CENTER,<br>    Defendants.<br><br>DISTRICT OF COLUMBIA,<br><br>    Cross Claimant,<br>  v.<br><br>PRINCE GEORGE'S HOSPITAL CENTER,<br>    Cross Defendant.<br><br>PRINCE GEORGE'S HOSPITAL CENTER,<br>    Counter Claimant,<br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Counter Defendant. | Civil Case No. 08-2024 (RJL) |

**MEMORANDUM OPINION**
(February 12, 2013) (Dkt. #55)

Plaintiff Patricia Grimes ("Plaintiff") brings this action against defendant District

1

of Columbia ("DC") for violation of the Eighth Amendment and negligent hiring, training, and supervision. Before the Court is defendant's Motion for Summary Judgment filed on September 13, 2010. [Dkt. #55]. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the motion is GRANTED.

## BACKGROUND

Plaintiff filed a complaint on November 24, 2008, seeking to recover for her son's death. Complaint ("Compl.") [Dkt. #1]. Decedent Karl Grimes ("KG"), as a juvenile offender in defendant's custody, was committed to the Oak Hill Detention Facility ("Oak Hill") on or about August 29, 2005. Compl. ¶¶ 10, 17. Plaintiff alleges that, on or about November 23, 2005, KG was attacked by several Oak Hill residents, resulting in his death. *Id.* at ¶¶ 11, 15. According to plaintiff, the attack occurred because "the facility was under-staffed and/or improperly-staffed to accomplish the detention of young males in a reasonably safe environment." *Id.* at ¶ 12. Plaintiff contends that defendant violated KG's Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Compl. Count I ¶ 21. Plaintiff additionally contends that defendant was negligent in hiring, training, and supervising Oak Hill personnel. Compl. Count II.

On November 6, 2009, the Court issued a scheduling order requiring plaintiff to designate expert witnesses by January 18, 2010 pursuant to Federal Rule of Civil Procedure 26(b)(4). [Dkt. #34]. Thereafter, the Court extended the deadline for plaintiff to file a Rule 26(b)(4) Statement to March 20, 2010. Minute Order, June 21, 2010 [Dkt.

#40]. During the extended period, plaintiff failed to identify any expert witnesses and failed to ask for additional time to do so.

On September 13, 2010, the District of Columbia filed a motion for summary judgment. Def.'s Mot. Summ. J. [Dkt. #55]. Plaintiff never filed a response. Instead, plaintiff filed on December 1, 2010, a motion to strike defendant's motion for summary judgment and disqualify the Office of the Attorney General from representing defendant. [Dkt. #57]. On December 10, 2010, defendant filed a motion for an order granting its motion for summary judgment as conceded. [Dkt. #58].

By memorandum order dated January 7, 2011, this Court granted summary judgment in favor of defendant and denied plaintiff's December 1, 2010 motion. [Dkt. #65]. On February 7, 2011, plaintiff filed a Motion to Alter and/or Amend the Judgment. [Dkt. # 66]. The Court denied the motion by minute order dated May 3, 2011, and plaintiff filed a timely appeal to the United States Court of Appeals for the District of Columbia Circuit. [Dkt. # 73]. On March 2, 2012, our Circuit vacated the judgment and remanded the action for this Court to "consider the effect of the 2010 amendments to Federal Rule of Civil Procedure 56 and 'state on the record the reasons for granting or denying [the summary judgment] motion.'" *Grimes v. District Of Columbia*, No. 11-7053 (D.C. Cir. Mar. 2, 2012) (per curiam) (quoting Fed. R. Civ. P. 56(a)).

## ANALYSIS

The 2010 Amendments to Federal Rule of Civil Procedure 56 ("Rule 56") and the

3

accompanying Advisory Committee Notes do not prohibit this Court from granting summary judgment where, as here, the nonmovant fails to demonstrate a genuine dispute as to any material fact. Indeed, Rule 56(a) provides that summary judgment "*shall* [be] grant[ed]" where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Rule 56(c) permits the movant to demonstrate "the absence . . . of a genuine dispute" by showing "that [the nonmovant] cannot produce admissible evidence to support" the presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(B). Rule 56(c) additionally requires the nonmovant to demonstrate the presence of a genuine dispute by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

Where, as here, the nonmovant has "fail[ed] to properly support [the movant's] assertion of fact . . . as required by Rule 56(c)," Rule 56(e) permits this Court to "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P 56(e)(2). The Advisory Committee Notes state that Rule 56(e)(2) "authorizes the court to consider a fact undisputed for purposes of the motion when response or reply requirements are not satisfied." Fed. R. Civ. P. 56(e) advisory committee notes (2010 Amendment). The Advisory Committee Notes further state that "[t]his approach reflects the 'deemed admitted' provisions in many local rules." *Id.* Here, Local Civil Rule 7(b), which concerns motions generally, and Local Civil Rule 7(h), which concerns motions for summary judgment, can be construed and applied consistently with Rule 56(e).

Defendant is entitled to summary judgment as to plaintiff's Eighth Amendment claim based on the uncontroverted assertions in defendant's September 13, 2010 motion. Plaintiff failed to address DC's assertions of fact as required by Rule 56(c) and failed to demonstrate a genuine dispute as to any material fact. For example, plaintiff does not counter defendant's assertions that there is no record evidence: (1) "that any employee at Oak Hill acted with deliberate indifference to a known safety risk;" (2) "of a history of assaults on youth at Oak Hill;" (3) "that any Oak Hill employee knew or should have known that a fight between KG and another youth was going to take place;" or (4) "that the youth that fought with KG had a history of assaultive behavior while at Oak Hill." Def.'s Mot. Summ. J., p. 7.

DC correctly states in its unopposed motion for summary judgment the two-step inquiry plaintiff must satisfy to establish municipal liability on a constitutional claim under 42 U.S.C. § 1983. *Id.* at 6; *Baker v. District of Columbia*, 326 F.3d 1302, 1306–07 (D.C. Cir. 2003). Regarding the first step, defendant asserts that plaintiff cannot cite any record evidence to prove a violation of the Eighth Amendment by any employee of Oak Hill. Def.'s Mot. Summ. J., pp. 6–7. Regarding the second step, defendant asserts that, even if the record did contain evidence of an Eighth Amendment violation, plaintiff cannot cite any record evidence from which a reasonable juror could find that a municipal custom, policy, or practice caused the violation. *Id.* at 7–8. Pursuant to Federal Rule of Civil Procedure 56(e)(2), the Court considers defendant's assertions to be undisputed for

purposes of the motion. The Court is satisfied that defendant's record citations support its assertions regarding the absence of a genuine dispute as to any material fact as to plaintiff's Eighth Amendment claim.

Defendant is also entitled to summary judgment as to plaintiff's negligent hiring, training, and supervision claim based on the uncontroverted assertions in defendant's September 13, 2010 motion and plaintiff's failure to designate an expert witness. A plaintiff in a negligence action, of course, bears the burden of proof on the applicable standard of care. *Levy v. Schnabel Found. Co.*, 584 A.2d 1251, 1255 (D.C. 1991). Expert testimony on the applicable standard is required "if the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson." *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 433 (D.C. 2000) (citations omitted). Here, plaintiff's negligence claim relates to the hiring, training, and supervision of personnel in a juvenile detention facility. Plaintiff cannot possibly establish the applicable standard of care without expert testimony because the average layperson does not possess the technical knowledge needed to judge staffing and security needs at a juvenile detention facility. Defendant is therefore entitled to summary judgment as a matter of law as plaintiff has failed to designate an expert witness to define the standard of care. *See Farooq v. MDRB Corp.*, 275 Fed. Appx. 11, 12 (D.C. Cir. Apr. 9, 2008) (upholding summary judgment where plaintiff failed to designate an expert on the standard of care relating to supervision of security personnel).

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Motion for Summary Judgment. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge